■ CAMERON K. WEHRINGER, Appellant, v VOLVO OF AMERICA CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered June 20, 1976, granting defendants-respondents' motion to quash a subpoena duces tecum, affirmed, with $40 costs and disbursements to respondents. In 1969, plaintiff purchased in Concord, New Hampshire, a Volvo automobile from a dealer selling under a trade-mark license from defendants. Plaintiff maintains residences in Concord and in New York, New York. Claiming the automobile to be defective, plaintiff commenced suit in New York in 1974 against Volvo of America Corporation and Volvo Distributing Inc., New Jersey corporations. Plaintiff also named as a defendant "Volvo, Inc." a nonexistent corporation. The issue of whether sufficient New York contacts existed to support a finding of New York jurisdiction was referred to a special referee. In the proceedings before the referee, plaintiff issued a subpoena duces tecum requiring the production, for the period 1969 through 1974 inclusive, of: "contracts between defendants (any or all of them) and its 'authorized dealers' or 'authorized service stations', either or both, as pertains to the use by said dealers and stations of the trademark VOLVO * * * 2.—and noting what controls, if any, are required for the use of said VOLVO trademark[s] and what controls are exercised in said use by the defendant[s]". The court is unanimous in finding the subpoena overly broad and burdensome. But we need not concern ourselves with pruning the subpoena to acceptable standards as we find that the trade-mark licensing agreements between defendants and their licensees, including any enforcement procedures thereunder, irrelevant to the issue of whether defendants are doing business in New York so as to confer jurisdiction under CPLR 301. Nor could the requested information support a determination of jurisdiction under CPLR 302, the long-arm statute. Concur —Murphy, Lupiano, Silverman and Nunez, JJ.; Kupferman, J. P., dissents in part in the following memorandum: Kupferman, J. P. (dissenting in part). Plaintiff-appellant purchased an automobile in Concord, New Hampshire, near where he has a home. He was not satisfied with the performance of the automobile and brought suit in New York against the distributors, New Jersey corporations. On the question of whether there were sufficient New York contacts for jurisdiction here, the matter was referred to a special referee. In that connection, the plaintiff issued a subpoena duces tecum requesting various "contracts, amendments, letters or instructions being for the period from 1969 to 1974 inclusive." His purpose is to show that the defendants are doing business in New York by virtue of the need to police their trade-mark there. A motion to quash the subpoena was granted, although the court provided that a contract with the specific dealer involved in Concord, New Hampshire, was to be produced at the hearing. While the

court at Special Term was correct in that the subpoena duces tecum was too broad and therefore burdensome, there is merit in the contention of the plaintiff. If a distributor is to protect its trade-mark in compliance with the Lanham Act (US Code, tit 15, § 1051 *et seq.)* there must be supervision and control. (See Beran, Policing the Trademark, in An Introduction to Trademark Practice [Jefferson Law Book Co. 1970], p 158.) Therefore, the contracts and any amendments thereto, with dealers in New York would be relevant in order to help confirm jurisdiction in New York.